IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GNILA OCHOA**,

       Plaintiff,

v.

**MICHAEL J. ASTRUE,
Commissioner of Social Security**,

       Defendant.

No. CV 08-1415-ST

OPINION AND ORDER

**MOSMAN, J.**,

On May 27, 2010, Magistrate Judge Stewart issued Findings and Recommendation ("F&R") (#25) in the above-captioned case recommending that I AFFIRM the Commissioner's decision. Plaintiff filed objections (#30) and defendant responded (#31).

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are

PAGE 1 - OPINION AND ORDER

addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

In her objections, Ms. Ochoa continues to advance the same arguments she presented in her opening brief, including her argument that the ALJ erred by failing to address lay witness testimony. Upon review, I agree with Judge Stewart's recommendation, and I ADOPT the F&R (#25) as my own opinion. I also make additional observations about the ALJ's failure to address lay witness testimony and the finding that such error was harmless.

### I.     Ms. Stevenson's Testimony

Ms. Ochoa's cousin, Ms. Stevenson, completed a questionnaire that sought information about Ms. Ochoa's daily activities. *See* Tr. 121-28. Ms. Stevenson observed that Ms. Ochoa cares for herself, requiring verbal reminders to take medication but not for any other personal needs or grooming, and sometimes forgets to pay bills; cares for her three children and two pets, including taking her daughter to school every day; prepares meals daily; completes outdoor and indoor household chores, though she does chores for short periods and needs breaks; naps during the day; shops in stores every other day for 1.5 to 2 hours and goes out for coffee twice a week, though she needs someone to drive her; cleans, watches television, plays computer games, and talks on the phone every day; loses attention and becomes distracted, but finishes what she starts; follows written instructions fairly well, but does not follow verbal instructions well; and shakes and sweats after walking 1-2 blocks and requires 10 minutes of rest. *Id.*

Additionally, Ms. Stevenson describes that the plaintiff gets annoyed and irritated with family and friends, and yells; becomes nervous, including sweating, around crowds or unfamiliar people; gets along with authority figures well, but has had trouble getting along with co-workers in the past. *Id.* Notably, Ms. Stevenson's only response to the question "What was the disabled person able to do before his/her illnesses, injuries, or conditions that he/she can't do now?" was "Go out often before taken [sic] medication for anxiety." *Id.* at 122. Indeed, there is evidence in the record that Ms. Ochoa's anxiety in response to social situations is well controlled by medication. Tr. 275. Ms. Stevenson denied any changes in cooking habits or changes to hobbies, interests, and activities since the alleged disability onset, and noted only the change in social activities, and change in sleep patterns. Tr. 122-23, 125-26.

## II.     Harmless Error Analysis

Judge Stewart described that "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." (F&R (#25) 14 (quoting *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)).) Judge Stewart noted the lack of objective medical evidence to support the purported disabilities as described in Ms. Stevenson's questionnaire. (F&R (#25) 14-15.) I further find that, even accepting Ms. Stevenson's observations as true, the assessment of Ms. Ochoa's abilities and daily activities does not meaningfully conflict with the ALJ's RFC determination. The ALJ recognized Ms. Ochoa's physical impairments and noted that she could not lift or carry heavy burdens, and she could not sit, stand, or walk for more than two hours at a time with breaks. Tr. 26. The ALJ also included a

PAGE 3 - OPINION AND ORDER

restriction to simple tasks without much interaction with co-workers or the public, which takes into account Ms. Ochoa's social anxiety as described by Ms. Stevenson. Tr. 26. Finally, the ALJ's RFC determination included a requirement that instructions be given both orally and in writing, and that Ms. Ochoa be given a copy to reference while working. *Id.* This fits with Ms. Stevenson's description that Ms. Ochoa has trouble with verbal instructions, does fairly well with written instructions, and needs reminders. Therefore, even accepting Ms. Stevenson's testimony as true, no reasonable ALJ would have reached a different disability determination.

In contrast, cases in which the Ninth Circuit found that an ALJ's failure to address lay witness testimony was harmful error include those where the ignored testimony contradicted the ALJ's ultimate description of a claimant's abilities. In *Stout*, the court noted that the ignored testimony of two lay witnesses established the claimant's need for "constant supervision" in order to perform even uncomplicated tasks. 454 F.3d at 1053-54. The VE, however, clearly testified that a need for literal, constant supervision would be unacceptable in competitive employment. *Id.* at 1054. Therefore, "a reasonable ALJ could find" that the claimant's mental impairments and special needs, established by the lay witness testimony, precluded him from returning to gainful employment. *Id.* at 1056.

Additionally, the ALJ's legally sufficient adverse credibility determination as to Ms. Ochoa's own testimony about the extent of her impairments supports a finding of harmless error where the ignored lay witness testimony merely corroborated Ms. Ochoa's own account. For example, in *Robbins v. Social Security Administration*, 466 F.3d 880 (9th Cir. 2006), the court determined that the ignored lay witness testimony of the claimant's son directly supported the claimant's own testimony and claim for disability. 466 F.3d at 885. "Because the ALJ did not

PAGE 4 - OPINION AND ORDER

make a legally sufficient adverse credibility finding with regard to [the claimant's] *own* testimony, we cannot say with respect to [the son's] testimony that 'no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Id.* (emphasis added).

Here, because the ignored lay witness testimony of Ms. Stevenson does not have support from the objective medical evidence in the record, because, even if accepted as true, the description of Ms. Ochoa's abilities does not conflict with the ALJ's RFC, and because the ignored testimony merely corroborated Ms. Ochoa's own testimony, which was deemed largely incredible by the ALJ,[1] the error in failing to discuss Ms. Stevenson's testimony is harmless.

## CONCLUSION

Upon review, I ADOPT Judge Stewart's F&R (#25) as my own and I AFFIRM the Commissioner's decision.

IT IS SO ORDERED.

DATED this  23rd  day of July, 2010.

　　　　　　　　　　　　　　　　　　/s/ Michael W. Mosman
　　　　　　　　　　　　　　　　　　MICHAEL W. MOSMAN
　　　　　　　　　　　　　　　　　　United States District Court

---

[1] I also note that Ms. Ochoa's own objection to Judge Stewart's finding regarding harmless error does *not* allege that crediting Ms. Stevenson's testimony as true would lead a reasonable ALJ to a different disability determination. Rather, she contends that if "*plaintiff's* testimony and opinions from the treating Nurse Practitioner" are credited as true, then "a finding of disability is warranted such that ignoring corroborative lay witness testimony was not harmless error." (Pl.'s Objections (#30) 2 (emphasis added).) Nowhere does she describe how Ms. Stevenson's testimony would alter a reasonable ALJ's disability determination.